L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from the involuntary commitment of James Paul Lankford to the Department of Mental Health (Department) of the State of Alabama (State).
Lankford’s mother filed a petition for the involuntary commitment with the Probate Court of Jefferson County, Alabama. In this petition she alleged that her son was extremely paranoid and was experiencing hallucinations and that he had attempted to jump out of a car which was traveling at forty-five miles per hour. She further alleged that he had destroyed some furniture and walked on the hot pavement in the heat of the day dressed in heavy clothing.
An appearance order was issued by the Judge of Probate of Jefferson County, which ordered the sheriff of Jefferson County to apprehend Lankford and take him directly to the psychiatric unit of University Hospital in Birmingham, Alabama. A guardian ad litem was appointed to represent Lankford, and an attorney was appointed to represent his mother, as petitioner. A final hearing on the petition to commit was held at University Hospital.
At the conclusion of the hearing Lank-ford was committed to the Department. Lankford appeals.
On appeal Lankford contends that the probate court erred when it ordered him committed to the Department because *528 there was not sufficient evidence to meet the requirements under section 22-52-10, Code 1975.
Section 22-52-10, Code 1975, codifies the elements which must be established in order to involuntarily commit someone for the treatment of mental illness:
“If at the final hearing upon a petition ... to commit ..., the probate judge, on the basis of clear, unequivocal and convincing evidence, shall find:
“(1) That the person sought to be committed is mentally ill; and “(2) That as a consequence of the mental illness the person poses a real and present threat of substantial harm to himself or to others; and “(3) That the threat of substantial harm has been evidenced by a recent overt act; and
“(4) That treatment is available for the person’s mental illness or that confinement is necessary to prevent the person from causing substantial harm to himself or to others; and “(5) That commitment is the least restrictive alternative necessary and available for treatment of the person’s mental illness;
“then upon such findings, the probate judge shall enter an order setting forth his findings, granting the petition and ordering the person committed to the custody of the Alabama state department of mental health or to such other public facility as the court may order.”
§ 22-52-10(a), Code 1975. Section 22-52-10(b), Code 1975, provides that “If any such element be unproved, the probate judge shall deny the petition and discharge the subject of the petition sine die.”
Lankford contends that, while the petitioner may have presented enough evidence to establish that he was mentally ill and that treatment for this mental illness was available, there was no clear, unequivocal and convincing evidence produced to establish elements (2), (3), and (5) of section 22-52-10(a).
From our review of the record, we find that there was clear, unequivocal, and convincing evidence produced to establish the elements codified in section 22-52-10(a). Dr. Janet Wright, a resident physician in psychiatry and neurology at University Hospital in Birmingham, testified that she had seen Lankford on a daily basis since his admission to the hospital a week prior to the hearing. She testified that Lankford had a diagnosis of paranoid schizophrenia and that neuroleptic medication, which is an anti-psychotic, is the best treatment for this mental illness. Dr. Wright indicated that this medication is taken by mouth in its pill form.
There was testimony presented by the chief of police of Gardendale that he had observed Lankford walking the streets in the heat of the day clothed in a dark colored blazer. The chief of police further testified that Lankford would sometimes walk in the roadway of a main thoroughfare in Gardendale while traffic was present.
Lankford’s mother testified that a couple of months prior to this hearing Lankford had threatened to jump out of the car in which the two of them were traveling because she had refused to take him where he wanted to go. After making such a threat, he opened the door while the car was traveling at a speed of forty to forty-five miles per hour. When she promised to take him where he wanted to go, he did not jump.
Lankford’s mother further testified that her son does not like it when she tells him to do something or when she questions him about his activities. She further testified that Lankford has told the family that they “are all against him” and have contaminated him with poison. There are times when Lankford will not eat anything because he feels that they are trying to poison him. The mother indicated that if the court determined that commitment was unnecessary, she would allow him to return to her home and would be willing to try to get him to take his medication, although Lank-ford had refused to take his medicine while in the hospital.
Lankford testified that he has been under surveillance by a security company and *529 that his parents are involved in this surveillance. Lankford also testified that he has been chemically contaminated and that a sophisticated piece of surveillance equipment has been implanted in his head while he was asleep.
Dr. Wright indicated that medication was the best treatment for Lankford’s mental illness. She testified that Lankford had refused to take his medication every time that it had been offered to him. When questioned about this, Lankford stated that he had not been told that the medication was mandatory, so he did not see any need to take it.
Dr. Wright testified that, in her medical judgment, confinement is presently necessary for Lankford’s and the community’s safety and that commitment to the Department would be the least restrictive alternative necessary and available for his treatment. There was no evidence presented to contradict this testimony.
We find that the evidence presented did establish the requirement under section 22-52-10(a) and that the probate court properly committed Lankford to the custody of the Department.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.